Clerk Connect - East
Baton Rouge Parish

(/Content/Help/helpv7.pdf)

Menu ▾    Balance
$67.60

PMB19thJDC ▾

BACK TO PREVIOUS PAGE

**C-757560**

**COREY SEWELL, ET AL VS**

**GARRISON PROPERTY AND CASUALTY**
**COMPANY**

Minu ⌄    PURCHASE PDF

**Date Filed:** 01/06/2025          **Kind:** Civil                    **Division:** 26

**Date Last Active:** 01/15/2025    **Cause:** DM-Damages          **Suit Status:** Active

**Judge:** MOORE, RICHARD "CHIP"

**CHRONOLOGICAL HISTORY (5)**    PARTIES (3)    ATTORNEYS (1)    MINUTES (0)    COURT EVENTS (0)

| Date | Type<br>All | Description | Filed By |
|------|------|-------------|----------|
| 01/15/2025 | | SERVICE RETURN FEE - GARRISON PROPERTY AND CASUALTY COMPANY | SAVAGE, LANTZ |
| 01/14/2025 | Service Return | Intended For: GARRISON PROPERTY AND CASUALTY COMPANY<br>Item Served: CIT-CIV 2000<br>Served How: Secretary of State | |
| 01/09/2025 | Document | CIT-CIV 2000 - GARRISON PROPERTY AND CASUALTY COMPANY | |
| 01/06/2025 | | PET- DAMAGES -CIV | SAVAGE, LANTZ |
| 01/06/2025 | | REQUEST NTC-CV | SAVAGE, LANTZ |

Version#3.0.39

**EXHIBIT A**



Clerk Connect - East
Baton Rouge Parish

**Balance**
**$67.60**

EAST BATON ROUGE PARISH
Filed Jan 06, 2025 12:04 PM
Deputy Clerk of Court
E-File Received Jan 06, 2025 10:42 AM

C-757560
26

Case 3:25-cv-00138-JWD-RLB    Document 1-2    02/13/25    Page 3 of 22

**19TH JUDICIAL DISTRICT COURT FOR EAST BATON ROUGE PARISH**

**STATE OF LOUISIANA**

CASE NO.                                    DIVISION:

**COREY SEWELL AND JENNA SEWELL**

**VERSUS**

**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY**

FILED: _____                    _____
                                                                    **DEPUTY CLERK**

**PETITION FOR DAMAGES**

Plaintiffs-Policyholders, COREY SEWELL AND JENNA SEWELL, respectfully submits this Petition for Damages against Defendant-Insurer, Garrison Property And Casualty Insurance Company, and further respectfully avers as follows:

**PARTIES**

PARAGRAPH 1.

Plaintiffs-Policyholders herein are COREY SEWELL AND JENNA SEWELL ("Plaintiffs-Policyholders"), both persons of the full age of majority and domiciled in LaPlace, Louisiana.

PARAGRAPH 2.

Made Defendant herein is Garrison Property And Casualty Insurance Company ("Defendant-Insurer"), an insurance company domiciled at 9800 Fredericksburg Road, San Antonio, TX 78288, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

## VENUE AND JURISDICTION

PARAGRAPH 3.

Jurisdiction is proper in this Honorable Court under the Louisiana Constitution Article 5, § 16, and Articles 2 and 6 of the Louisiana Code of Civil Procedure.

PARAGRAPH 4.

Venue is proper in this Honorable Court pursuant to Articles 42, 74, 76, and 76.1 of the Louisiana Code of Civil Procedure.

PARAGRAPH 5.

This Court has personal jurisdiction over Defendant-Insurers because Defendant-Insurers have continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant-Insurer's business activities include, among other things, executing contracts of insurance with various Louisiana-based entities and consumers.

PARAGRAPH 6.

This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs-Policyholders is, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

PARAGRAPH 7.

At all times relevant hereto, Plaintiffs-Policyholders owned the Property located at 2628 Jackson Avenue, Baton Rouge, Louisiana (hereinafter referred to as "Insured Property").

PARAGRAPH 8.

The Insured Property is a residential single-family home; thus a "residential property" as defined by Louisiana Revised Statutes § 22:1892 B.(1)(c)(ii).

---

PARAGRAPH 9.

Plaintiffs-Policyholders contracted with the Defendant-Insurer to insure the property located at 2628 Jackson Avenue, Baton Rouge, Louisiana.

PARAGRAPH 10.

At all times relevant hereto, Defendant-Insurer provided a policy of insurance, bearing Policy Number GAR 05335 59 81 80A (hereafter the "Policy") to Plaintiffs-Policyholders which insured the Insured Property against perils including wind, hail, and water. The Policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

PARAGRAPH 11.

The policy was in full force and effect at the time of the covered loss events that are the subject of this instant lawsuit.

PARAGRAPH 12.

Defendant-Insurers assessed the risk and provided Replacement Cost Value coverage following their evaluation of the property.

PARAGRAPH 13.

Plaintiffs-Policyholders paid all premiums associated with the policy when due in a timely manner and without delay.

PARAGRAPH 14.

Plaintiffs-Policyholders entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Garrison Property And Casualty Insurance Company would abide by the terms of their policy and promptly pay for any covered losses that may occur.

PARAGRAPH 15.

On April 10, 2024, a severe meteorological event including wind, hail, and wind driven rain caused severe and substantial damage to the Insured Property.

PARAGRAPH 16.

The meteorological event on April 10, 2024, caused extensive damage to the Insured Property.

PARAGRAPH 17.

The meteorological event on April 10, 2024, was not a "catastrophic loss" as defined by Louisiana Revised Statutes § 22:1892 B.(1)(c)(i).

PARAGRAPH 18.

In compliance with the Policy, Plaintiffs-Policyholders provided timely and proper notice of the loss events to Defendant-Insurer and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

PARAGRAPH 19.

Upon notification of the loss events, Defendant-Insurer performed an initial inspection of the loss and damage to the Insured Property. Thereafter, Defendant-Insurer, together with its loss consultants, inspected the Insured Property on several occasions, and provided one or more loss estimates on the claim. Defendant-Insurer assigned Claim No. 053355981-001.

PARAGRAPH 20.

Plaintiffs-Policyholders, in compliance with the terms of the Policy, cooperated with Defendant-Insurer and its consultants and always made the Insured Property available for inspection. Defendant-Insurer, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Property.

PARAGRAPH 21.

Pursuant to the terms of the policy, a representative of Defendant-Insurer arranged for an inspection of the insured premises. At this time, Defendant-Insurer's field adjuster was given full access to inspect the insured premises. During this inspection, the extensive damage to the insured premises was visible and obvious.

PARAGRAPH 22.

The payments made to date to the Plaintiffs-Policyholders for damages caused by severe weather event that occurred on April 10, 2024, are woefully inadequate to cover the costs to repair the Insured Property and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant-Insurer at the time of the adjuster's inspection.

PARAGRAPH 23.

As a result of Defendant-Insurer's delays and failure to pay the amounts due under the Policy, Plaintiffs-Policyholders had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

PARAGRAPH 24.

Defendant-Insurer and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

PARAGRAPH 25.

Defendant-Insurer were clearly aware of the increasing liability to Plaintiffs-Policyholders and damage to their property the longer the claim was delayed. Nevertheless, Defendant-Insurer continued to unreasonably undervalue the claim, placing the Plaintiffs-Policyholders property at risk.

PARAGRAPH 26.

An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

PARAGRAPH 27.

The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

PARAGRAPH 28.

Plaintiffs-Policyholders is entitled to recover all benefits due under the policies resulting from the severe weather event that occurred on April 10, 2024, to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, loss of use, extra expense, and personal property.

PARAGRAPH 29.

Defendant-Insurer failed to pay the amount of due to Plaintiffs-Policyholders in connection with the subject claim within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Plaintiffs-Policyholders' property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim.

PARAGRAPH 30.

Defendant-Insurer has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Property because of severe weather event that occurred on April 10, 2024. Defendant-Insurer failed to pay Plaintiffs-Policyholders the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than 30 days.

PARAGRAPH 31.

Defendant-Insurer breached its affirmative duties under Louisiana Revised Statutes § 22:1892 I.(1)(a) and § 22:1892 J.(1) as a result of its failure to timely and reasonably adjust the subject losses.

PARAGRAPH 32.

Despite Defendant-Insurer's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiffs-Policyholders has continued to

work with Defendant-Insurer and its consultants to ensure compliance with Plaintiffs-Policyholders' duties under the Policy.

PARAGRAPH 33.

Defendant-Insurer's failure to timely pay benefits owed under the Policy has placed the Insured Property at risk.

PARAGRAPH 34.

Defendant-Insurer has unjustifiably failed and/or refused to perform its obligations under the Policy and has wrongfully or unfairly limited payment on Plaintiffs-Policyholders' claim.

PARAGRAPH 35.

As a result of the damage to the Insured Property caused by the severe weather event that occurred on April 10, 2024, Plaintiffs-Policyholders has incurred additional extra expenses.

PARAGRAPH 36.

Because of Defendant-Insurer's failure to timely compensate Plaintiffs-Policyholders for losses that are clearly covered and owed under the Policy, Plaintiffs-Policyholders had and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

PARAGRAPH 37.

But for Defendant-Insurer's wrongful conduct, Plaintiffs-Policyholders could have completed repairs and resumed living in the Insured Property well prior to the date that the repairs are ultimately completed.

PARAGRAPH 38.

As a result of Defendant-Insurer's bad faith conduct in connection with its adjustment of this claim, Plaintiffs-Policyholders incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant-Insurer wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiffs-Policyholders' claim.

PARAGRAPH 39.

Defendant-Insurer's acts and omissions in failing to pay Plaintiffs-Policyholders the actual amounts owed under the Policy within thirty (30) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant-Insurer is in breach of its affirmative duties of good faith and fair dealing.

PARAGRAPH 40.

As a result of Defendant-Insurer's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Severe weather event that occurred on April 10, 2024, Plaintiffs-Policyholders and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

### Breach of Insurance Contract.

PARAGRAPH 41.

Plaintiffs-Policyholders re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

PARAGRAPH 42.

The Policy is an insurance contract between Plaintiffs-Policyholders and Defendant-Insurer that provides coverage for the losses resulting from Severe weather event that occurred on April 10, 2024.

PARAGRAPH 43.

Despite having adequate proof of loss, Defendant-Insurer failed to timely tender adequate funds that are owed to Plaintiffs-Policyholders under the Policy.

PARAGRAPH 44.

Upon information and belief, Defendant-Insurer has breached the insurance contract by, among other things:

1. purposely and/or negligently failing to timely tender undisputed insurance proceeds;

2. purposely and/or negligently misrepresenting to Plaintiffs-Policyholders the terms and conditions of the relevant Policy;

3. conducting the investigation and claims handling in bad faith; and,

4. failing to pay the appraisal amounts due and owing after invoking appraisal; and,

5. failing to adequately compensate Plaintiffs-Policyholders for the damages to the Insured Property, as required by the Policy.

PARAGRAPH 45.

Plaintiffs-Policyholders has suffered and will continue to suffer damages as a result of Defendant-Insurer's breaches of the insurance contract.

**Bad Faith Damages for Violations of Louisiana Revised Statute §22:1892**

PARAGRAPH 46.

Plaintiffs-Policyholders re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

PARAGRAPH 47.

Under Louisiana Revised Statutes § 22:1892(A)(1), (A)(4), and B.(1)(a), Defendant-Insurer is obligated to make a written offer to settle any property damage claim and pay the amount of any claim due to its insured within thirty (30) days after receipt of satisfactory proof of loss. Under Louisiana law, Defendant-Insurer is deemed to have received satisfactory proof of loss as of the date of its initial inspection of the damage to the Insured Property. The statutory timelines that insurers, such as Defendant-Insurer, must comply with regarding payment of claims commences from the date of the initial inspection, not from the date that it receives any final report from its insurer.

PARAGRAPH 48.

Defendant-Insurer's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of Louisiana Revised Statute §22:1892(A)(1), which subjects Defendant-Insurer to the penalty imposed under §22:1892 B.(1)(a), the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

PARAGRAPH 49.

Under Louisiana Revised Statute § 22:1892 I.(1)(a) & § 22:1892 I.(1)(b), Defendant-Insurer has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within thirty (30) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duties under Louisiana Revised Statute § 22:1892 I.(1)(a). In addition to the general or specific damages to which the insured is entitled to as a result of Defendant-Insurer's breach, Defendant-Insurer's failure to comply with the 30-day timeline subjects Defendant-Insurer to, in addition to the amount of the loss, a penalty of fifty percent (50%) damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due, plus any proven economic damages sustained as a result of the breach, as well, pursuant to Louisiana Revised Statutes § 22:1892 I.(1)(a) & § 22:1892 I.(1)(b).

PARAGRAPH 50.

Defendant-Insurer received satisfactory proof of the loss and had knowledge of the insurance benefits due to Plaintiffs-Policyholders after its initial inspection of the damage to the Insured Property. However, Defendant-Insurer failed to pay Plaintiffs-Policyholders even the undisputed amounts owed under the Policy within thirty (30) days of receiving satisfactory proof of loss. Defendant-Insurer's failure to make such payments within thirty (30) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause

PARAGRAPH 51.

Defendant-Insurer is therefore in breach of its affirmative duties and obligations imposed under both Louisiana Revised Statutes § 22:1892 I.(1)(a) & § 22:1892 I.(1)(b). Because of Defendant-Insurer's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant-Insurer is liable to Plaintiffs-Policyholders for, in addition to the amount of the loss, of fifty percent (50%) damages on the amount found to be due from the insurer to the insured, plus any proven economic damages sustained as a result of the breach, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due, plus any proven economic damages sustained as a result of the breach, as well, pursuant to Louisiana Revised Statutes § 22:1892 I.(1)(a) & § 22:1892 I.(1)(b).

PARAGRAPH 52.

As a result of Defendant-Insurer's failures to pay the loss amounts due under the Policy within thirty (30) days of receiving satisfactory proof of loss caused by the severe weather event that occurred on April 10, 2024, and its ongoing breaches of its affirmative duties of good faith and fair dealing, Plaintiffs-

Policyholders is entitled to all additional damages and penalties recoverable under Louisiana Revised Statute 22:1892 in an amount to be determined at trial.

## DAMAGES

### PARAGRAPH 53.

Plaintiffs-Policyholders re-alleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

### PARAGRAPH 54.

As a result of the actions of the Defendant-Insurer, Plaintiffs-Policyholders suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

1. Damage to the building and other structures located at the Insured Property;

2. Mitigation, remediation and repair costs;

3. Diminution in value;

4. Increased costs of repairs due to the increased costs of construction;

5. Lost and/or damaged personal property;

6. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

7. Fair rental value;

8. Loss business opportunities and rental of the insured property;

9. Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

10. Mental anguish and other consequential damages caused by Defendant-Insurer's breaches;

11. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant-Insurer's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and,

12. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## JURY DEMAND

PARAGRAPH 55.

Plaintiffs-Policyholders requests and demands a trial by jury on issues so triable.

**WHEREFORE**, Plaintiffs-Policyholders, COREY SEWELL AND JENNA SEWELL, respectfully prays that, Defendant-Insurer, Garrison Property And Casualty Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Plaintiffs-Policyholders, COREY SEWELL AND JENNA SEWELL, and against Defendant-Insurer, Garrison Property And Casualty Insurance Company, in an amount that will fully and fairly compensate, Plaintiffs-Policyholders, COREY SEWELL AND JENNA SEWELL for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the premises.

**RESPECTFULLY SUBMITTED:**
MERLIN LAW GROUP, P.L.L.C

**LANTZ SAVAGE, Bar No. 28418**
201 Saint Charles Avenue,
Place St. Charles, Suite 2500
New Orleans, Louisiana 70170
Telephone: (504) 576-1439
Facsimile: (504) 688-2287
Email: LSAVAGE@MERLINLAWGROUP.COM

**Counsel for Plaintiffs,**
**COREY SEWELL AND JENNA SEWELL**

**SHERIFF PLEASE SERVE:**
Garrison Property And Casualty Insurance Company
*Through its registered agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Ave., Baton Rouge, LA 70809

EAST BATON ROUGE PARISH
Filed Jan 06, 2025 12:04 PM
Deputy Clerk of Court
E-File Received Jan 06, 2025 10:42 AM

C-757560
C-26

Case 3:25-cv-00038-JWD-RLB    Document 1-2    02/13/25    Page 16 of 22

**19TH JUDICIAL DISTRICT COURT FOR EAST BATON ROUGE PARISH**

**STATE OF LOUISIANA**

CASE NO.                                          DIVISION:

**COREY SEWELL AND JENNA SEWELL**

**VERSUS**

**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY**

FILED: _____          _____
                                                    **DEPUTY CLERK**

**REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN
NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED**

TO:    Honorable Doug Wellborn
       Clerk of Court - 19th JDC, East Baton Rouge Parish
       P.O. Box 1991
       Baton Rouge, LA 70821-1991

In accordance with the provisions of LSA-C.C.P. Articles 1571 and 1572, you are hereby requested to give the undersigned, as counsel for **COREY SEWELL AND JENNA SEWELL**, Plaintiffs, in the above-captioned matter, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing of the case, whether on exception, rules or the merits thereof.

In accordance with the provisions of LSA-C.C.P. Articles 1914 and 1915, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment. all interlocutory order of final orders and judgments on any exceptions, motions, or rules on the merits in the above-captioned suit and any suit which has been, or may hereafter be, consolidated with said suit

**WHEREFORE,** Plaintiffs, **COREY SEWELL AND JENNA SEWELL**, should be provided with the above notices.

RESPECTFULLY SUBMITTED:
MERLIN LAW GROUP, P.L.L.C

_____
**LANTZ SAVAGE, Bar No. 28418**
201 Saint Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Telephone:  (504) 576-1439
Email: LSAVAGE@MERLINLAWGROUP.COM
**Counsel for Plaintiffs, COREY SEWELL AND
JENNA SEWELL**

**RETURN COPY**



**D15768765**

## CITATION

COREY SEWELL, ET AL
(Plaintiff)

VS

GARRISON PROPERTY AND CASUALTY
COMPANY
(Defendant)

NUMBER C-757560  "26"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   GARRISON PROPERTY AND CASUALTY COMPANY
      THROUGH ITS REGISTERED AGENT
      FOR SERVICE OF PROCESS:
      LOUISIANA SECRETARY OF STATE

GREETINGS:

   Attached to this citation is a certified copy of a petition or other legal pleading that has been filed
with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was
requested by the filing party.  Please read the petition for information concerning any claims that may have
been asserted against you.

   Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the
petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard,
Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If
   no discovery request was included with your petition, you must instead adhere to the 21-day
   deadline above.)

   If you fail to file an answer or other legal pleading, a default judgment may be rendered against you.
Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of
Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 9, 2025.**



*Belinda Barro*

*Deputy Clerk of Court for the named party through the*
office of the Secretary of State on
**Doug Welborn, Clerk of Court**

Requesting Attorney: SAVAGE, LANTZ
*The following documents are attached:
PETITION FOR DAMAGES, REQ. FOR WRITTEN NOTICE

JAN 14 2025

SERVICE INFORMATION:

by tendering a copy of this document to:
JULIE NESBITT

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____,  served on the above named party as
follows:

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, I

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGES$_____       _____
TOTAL:  $_____        Deputy Sheriff
                           Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
East Baton Rouge Sheriff Office
JAN 13 2025

**RETURN COPY**



**D15768765**

# CITATION

COREY SEWELL, ET AL
(Plaintiff)

VS

GARRISON PROPERTY AND CASUALTY
COMPANY
(Defendant)

NUMBER C-757560  "26"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   GARRISON PROPERTY AND CASUALTY COMPANY
      THROUGH ITS REGISTERED AGENT
      FOR SERVICE OF PROCESS:
      LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 9, 2025.**



*Deputy Clerk of Court for the named party through the*
Doug Welborn, Clerk of Court
Office of the Secretary of State on

Requesting Attorney: SAVAGE, LANTZ
*The following documents are attached:
PETITION FOR DAMAGES, REQ. FOR WRITTEN NOTICE

JAN 14 2025

by tendering a copy of this document to:
**SERVICE INFORMATION:**                                    JULIE NESBITT
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20___, served on the above named party as
follows:                                                    DY. B. GARAFOLA #0577
                                                            Deputy Sheriff, Parish of East Baton Rouge, l
PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGES$_____         _____
TOTAL:  $_____              Deputy Sheriff
                            Parish of East Baton Rouge

CITATION-2000

RECEIVED
East Baton Rouge Sheriff Office
JAN 1 3 2025

# RETURN COPY



**D15768765**

## CITATION

COREY SEWELL, ET AL
(Plaintiff)

VS

GARRISON PROPERTY AND CASUALTY
COMPANY
(Defendant)

NUMBER C-757560  "26"

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    GARRISON PROPERTY AND CASUALTY COMPANY
        THROUGH ITS REGISTERED AGENT
        FOR SERVICE OF PROCESS:
        LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party.  Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
1. **21 DAYS** of the date you were served with the petition; **OR**
2. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 9, 2025.**



*Belinda Banks*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: SAVAGE, LANTZ
*The following documents are attached:
PETITION FOR DAMAGES, REQ. FOR WRITTEN NOTICE

the named party through the
office of the Secretary of State on

JAN 14 2025

### SERVICE INFORMATION:

by tendering a copy of this document to:
JULIE NESBITT

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as
follows:

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, I

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:        After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGES$_____                    _____
TOTAL:   $_____                          Deputy Sheriff
                                                        Parish of East Baton Rouge

CITATION-2000

RECEIVED
East Baton Rouge Sheriff Office
JAN 13 2025